IN THE CIRCUIT COURT OF THE FIFTH JUDICIAL CIRCUIT
IN AND FOR HERNANDO COUNTY, FLORIDA
CIVIL DIVISION

LARRY J. LASHLEY, an individual,

Plaintiff,

Case No. CA 11-373

v.

ECKERD YOUTH ALTERNATIVES, INC.,
a Florida Non-Profit Corporation.

Defendant.
_________________________________/

FILED FOR RECORD
KAREN NICOLAI CLERK
HERNANDO COUNTY, FL.
2011 FEB 24 AM 11: 15

**COMPLAINT**

The Plaintiff, LARRY J. LASHLEY, by and through his undersigned attorney, brings this complaint for unpaid overtime wages against Defendant, ECKERD YOUTH ALTERNATIVES, INC., a Florida Non-Profit Corporation and complains as follows:

1. The Plaintiff, LARRY J. LASHLEY, resides at 9245 Teak Street, New Port Richey, Citrus County, in the state of Florida.

2. The Plaintiff, LARRY J. LASHLEY, is a former employee of Defendant, Eckerd Youth Alternatives, Inc., a Florida Non-Profit Corporation hereinafter referred to as "EYA."

3. The Defendant, EYA, has a facility in Brooksville, Hernando County, Florida, where Plaintiff Larry LASHLEY, hereinafter referred to as "LASHLEY," was employed as a Youth Counselor.

4. All acts complained of took place while Plaintiff LASHLEY was employed at Defendant, EYA Facility Camp Challenge, specifically located in Brooksville, Hernando County, Florida.

5. The corporate offices of Defendant, EYA, are located at 100 Starcrest Drive, Clearwater, Florida 33765.

6. This is a lawsuit for damages in excess of Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs, therefore this Court has subject matter jurisdiction pursuant to F.S. Section 34.01.

7. This Court has personal jurisdiction over the Defendant because the Defendant is incorporated within the state of Florida, headquartered in Clearwater, Florida with the place of employment of Plaintiff, Larry LASHLEY, at Defendant's physical facility located at Brooksville, Hernando County, Florida.

8. Venue is proper pursuant to F.S. 47.011

## FACTUAL BACKGROUND

9. Plaintiff, LASHLEY, was employed by Defendant, EYA, as a Youth Counselor at Camp Challenge, the Brooksville Campus, Hernando County, Florida earning Seventeen and 34/100 Dollars ($17.34) per hour. A copy the most recent paystub issued by Defendant, EYA, to the Plaintiff, LASHLEY, is attached hereto as Exhibit "A." Said paystub is for the period ending 6/26/2009 with a pay date of 7/02/2009. The address indicated on the face of the paystub for the Plaintiff is the former address of the Plaintiff; however, was the physical address where Plaintiff resided at the time this action arose.

10. Plaintiff was paid for a forty (40) hour week regardless of the actual number of hours worked by the Plaintiff. The Plaintiff was a teacher and a non-exempt employee, pursuant to FLSA definitions and Florida Statute.

11. The Plaintiff did not supervise any other employees, did not set hours of any other employees, did not have the power to hire or fire or set wages for any other employees. Plaintiff, LASHLEY, was simply a teacher employee at Defendant's facility.

12. The Plaintiff worked an average of four hours of overtime per day, five days a week, dedicating himself to the troubled youth/children who were residents of the EYA program.

13. Plaintiff although working overtime, and requesting overtime pay, was never paid overtime by Defendant, EYA.

14. Plaintiff previously worked at various facilities for Defendant, EYA, and had always worked overtime without ever being compensated.

15. The Plaintiff was terminated from employment by Defendant, EYA, on June 29, 2009.

16. The Plaintiff was employed by Defendant, EYA, for a period of at least five years; however, pursuant to statute, Defendant presents this claim going back a period of three years from the date of the filing hereof.

**COUNT FOR UNPAID OVERTIME WAGES**

17. Plaintiff, LASHLEY, repeats each and every allegation of Paragraphs 1 through 16 as if full set forth herein at length.

18. Plaintiff, LASHLEY, hereby alleges that Defendant, EYA, routinely denied him overtime wages in violation of the FLSA's wage and hour provisions.

19. The overtime wage provision set forth in Section 207 of the FLSA applies to Defendant, EYA.

20. Furthermore, the Plaintiff's employment position with EYA, as a teacher is not a position involving work that falls within any exception or exemption to the FLSA.

21. Plaintiff, LASHLEY, is covered and/or has been covered by 29 U.S.C. Section 207 of the FLSA. This provision requires employers to pay employees one and one-half times their regular hourly rate for hours worked in excess of forty (40) hours per week.

22. Although unpaid overtime for five years, Plaintiff sets forth in this complaint a claim for unpaid overtime from February 22nd, 2009, through the date of termination, June 29, 2009.

23. The Defendant denied the Plaintiff's overtime pay although he routinely worked in excess of four hours per day, five days a week beyond his forty (40) hour teaching position. The Defendant did not pay the one and one-half times the regular rate as required by the FLSA.

24. Plaintiff's rate of pay as shown in Exhibit "A" attached hereto is Seventeen and 34/100 Dollars ($17.34) per hour. One and one-half times this amount would be an overtime rate of Twenty-Six and 01/100 Dollars ($26.01) per hour. When multiplied by an average of twenty hours per week, this is unpaid overtime wages in the sum of Five Hundred Twenty and 20/100 ($520.20) per week.

25. There is a period of seventeen weeks between February 22, 2009 and the date of termination, June 29, 2009. Simple math at Five Hundred Twenty and 20/100 Dollars ($520.20) per week for a period of seventeen weeks is the sum of Eight thousand Eight Hundred Forty-Three and 40/100 Dollars ($8,843.40.)

26. Pursuant to 29 USC (FLSA), the Plaintiff is entitled to liquidated damages equal to the unpaid overtime or an additional Eight Thousand Eight Hundred Forty-Three and

40/100 Dollars ($8,843.40.) This is a total of Seventeen Thousand Six Hundred Eighty-Six and 80/100 Dollars ($17,686.80.)

27. Defendant, EYA, has willfully and intentionally engaged in a pattern of violating the provisions of the FLSA as detailed herein, thereby failing and refusing to pay the proper hourly wage compensation to the Plaintiff, in accordance with Section 207 of the FLSA.

28. As a result of Defendant's violations of the FLSA, Plaintiff suffered damage by being denied overtime wages in accordance with Section 207 of the FLSA.

29. Defendant has not made a good faith effort to comply with the FLSA with respect to its compensation to Plaintiff.

30. Because Defendant, EYA, has willfully violated the FLSA a three year statute of limitation applies to such violations pursuant to 29 USC Section 255.

31. As a direct result of Defendant, the Plaintiff has been deprived of overtime compensation in amounts to be determined at trial and is entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorney fees, costs, and other compensation pursuant to 29 USC Section 216(b), as well as injunctive relief pursuant to 217.

32. Therefore, in addition to the claim of Seventeen Thousand Six Hundred Eighty-Six and 80/100 Dollars ($17,686.80), there is due to the Plaintiff an additional one year of overtime in an amount to be proven by Plaintiff and determined by the Court.

Wherefore, Plaintiff requests the following relief:

A. That this honorable Court find Defendant, Eckerd Youth Alternatives, Inc., violated the overtime provisions of the FLSA 29 USC Section 207 as to this Plaintiff.

B. That the Court find that Defendant's violation as described is having been willful.

C. That the Court award to Plaintiff liquidated damages of an amount not less than a sum equal to the unpaid overtime compensation with the interest thereon pursuant to 29 USC Section 201 *et. seq.*, and the supporting United States Department of Labor Regulations.

D. The Plaintiff be awarded reasonable attorney fees and costs pursuant to FLSA 29 USC Section 216(b).

E. That the Court award such other and further relief as this Court deems appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY AS TO ALL ISSUES SO TRIABLE PURSUANT TO FLORIDA RULE OF CIVIL PROCEDURE 1.430.**

Dated: February 23, 2011.

MARK W. FOX, ESQUIRE
Florida Bar No. 0168190
FELDMAN, FOX & MORGADO, P.A.
1805 SE 16th Avenue, Suite 902
Ocala, FL 34471
Tele: (352) 402-0947
Fax: (352) 351-9300
Email: mfox@ffmlawgroup.com
Attorneys for Plaintiff